UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:10-CV-502

PHILADELPHIA INDEMNITY INSURANCE CO.                                    PLAINTIFF

V.

3D RESORTS-BLUEGRASS, LLC
3D RESORTS COMMUNITIES, LLC                                              DEFENDANTS

## OPINION & ORDER

This matter is before the Court upon Defendant 3D Resorts-Bluegrass, LLC's motion to refer this matter to the Bankruptcy Court for the United States District Court, Western District of Kentucky, Owensboro Division (DN 42). Plaintiff has responded (DN 43). Defendant 3D Resorts-Bluegrass, LLC has replied (DN 46). This matter is now ripe for adjudication. For the following reasons, Defendant's motion (DN 42) is GRANTED.

On July 10, 2010, Plaintiff Philadelphia Indemnity Insurance Company ("Plaintiff") filed this insurance coverage action against Defendants 3D Resorts-Bluegrass, LLC ("3D Bluegrass") and 3D Resort Communities, LLC ("3D Communities") stemming from a February 26, 2010 fire loss. In the complaint, Plaintiff seeks a declaration that the insurance policy issued by Plaintiff to Defendants does not cover the building damaged by the fire. Defendants asserted counterclaims against Plaintiff for breach of contract, negligence, and reformation of an insurance contract.

On October 31, 2011, Defendant 3D Communities filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Texas, case no. 11-53809. On November 16, 2011, Defendant 3D Bluegrass filed a Chapter 7 bankruptcy petition in the Western District of Texas, case no. 11-54001. On December 8, 2011, the Texas bankruptcy court

converted 3D Bluegrass's case to a Chapter 11 bankruptcy case, ordered the appointment of a trustee, and transferred venue of the case to the Western District of Kentucky.

Defendant 3D Bluegrass now seeks referral of this action to the Bankruptcy Court based upon the provisions of 28 U.S.C. § 157, which sets forth procedures by which district courts may refer cases to the bankruptcy judges for their districts. Pursuant to 28 U.S.C. § 157(a), "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." Likewise, Local Rule 83.12(a)(3) implements this statutory provision by providing for the referral to bankruptcy judges of "all matters arising under – or arising in or related to cases arising under – Title 11 of the United States Code . . . except proceedings involving tort claims for personal injury or wrongful death." A bankruptcy judge "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 . . . ." 28 U.S.C. § 157(b). A "core proceeding" includes "other proceedings affecting liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship . . . ." 28 U.S.C. § 157(b)(2).

Defendant 3D Bluegrass contends that, because this action is "related to a case under title 11," the Court should refer this action to the Bankruptcy Court. Plaintiff opposes the referral of this action, arguing that concerns of judicial efficiency weigh against referral and a bankruptcy court lacks specialized knowledge outside of bankruptcy law. However, the issue of whether the proceedings in this case are properly before a bankruptcy judge or this Court is not appropriately determined by this Court as an initial matter. 28 U.S.C. § 157(b)(3) provides that

> [t]he bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A

>determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.

Therefore, the Court will refer the matter to the Bankruptcy Court for determination of whether the case at bar constitutes a "core proceeding" within the meaning of 28 U.S.C. § 157(b). Defendants' Motion to Refer to Bankruptcy Court is GRANTED. The telephonic conference scheduled for June 15, 2012 is CANCELLED.

IT IS SO ORDERED.