**UNITED STATES DISTRICT COURT**
**WETSERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CASE NO. 3:10-CV-502**


PHILADELPHIA INDEMNITY INSURANCE COMPANY                    Plaintiff,

v.

3D RESORTS-BLUEGRASS, LLC, 3D RESORTS
COMMUNITIES, LLC and FROST INSURANCE
AGENCY, INC.                                                Defendants.


## MEMORANDUM OPINION

This matter comes before the Court upon the Motion for Summary Judgment of Frost

Insurance Agency, Inc. ("Frost").  (Docket No. 80.)  Defendant 3D Resorts-Bluegrass, L.L.C.

("3D Resorts") has responded.  (Docket No. 84.)  Frost has replied (Docket No. 86), and 3D

Resorts has filed a Sur-Reply (Docket No. 89-1).  This matter is now ripe for adjudication.

The Court, having reviewed the parties' submissions and being otherwise sufficiently

advised, now GRANTS Frost's Motion for Summary Judgment for the reasons that follow.

## BACKGROUND

This action arises from a February 6, 2010 fire that destroyed a two-hundred year-old

general store on the Green Farm Resort property owned by 3D Resorts, a Kentucky limited

liability company.

At the time of Green Farm Resort's purchase on December 26, 2008, 3D Resorts retained

Frost to obtain an insurance policy. In 2009, 3D Resorts corresponded with Frost regarding

renewal insurance for the property for the period from December 19, 2009 and December 19,

2010.  Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia") provided a proposal

for this renewal policy. The parties do not dispute that the schedule of buildings for the relevant insurance policy fails to list the general store.

Because 3D Resorts filed suit against Frost on April 26, 2013, at issue is whether 3D Resorts' claims against Frost for its alleged negligent failure to procure insurance are time-barred. This determination hinges on whether Kentucky's borrowing statute, Ky. Rev. Stat. 413.420, requires the Court to apply the Texas two-year limitations period. Frost argues that 3D Resorts' cause of action accrued only upon Philadelphia's denial of the claim at issue, and that such denial occurred in Texas. 3D Resorts responds that its claim against Frost arose with the fire that destroyed the property in Kentucky; therefore, it reasons, the borrowing statute is inapplicable. The Court will consider the parties' arguments below.

## STANDARD

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; rather, he must present evidence on which the trier of fact could reasonably find for him. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[T]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996) (abrogated on other grounds by *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012)).

## DISCUSSION

In an effort to avert forum shopping, Kentucky law requires courts to at times "borrow" a foreign jurisdiction's statute of limitations. Courts apply the "borrowing" principle when a cause of action arose in a foreign jurisdiction with a shorter limitations period than Kentucky's own. *See Combs*, 354 F.3d at 578. Ky. Rev. Stat. 413.320 provides, in pertinent part:

> When a cause of action has arisen in another state or country, and by the laws of this state or country where the cause of action accrued the time for the commencement of an action thereon is limited to a shorter period of time than the period of limitation prescribed by the laws of this state for a like cause of action, then said action shall be barred in this state at the expiration of said shorter period.

Kentucky applies a three-step analysis to determine whether the borrowing statute requires that another state's limitations period be utilized. First, the Court determines whether the cause of action accrued in another state. If so, the Court then determines whether that state's statute of limitations for the cause of action at issue is shorter than Kentucky's. Finally, if the accrual state's statute of limitations is shorter than Kentucky's, the Court applies the statute of limitations of the accrual state. If the accrual state's statute of limitations is longer, however, the Court will apply Kentucky's shorter statute. *Combs v. Intl. Ins. Co.*, 354 F.3d 568, 593 (6th Cir. 2004).

3

Kentucky's limitations period for a claim against an agent for negligent failure to procure insurance is five years. *Plaza Bottle Shop, Inc. v. Al Torstrick Ins. Agency, Inc.*, 712 S.W.2d 349, 351 (Ky. Ct. App. 1986). In Texas, a negligence claim against an insurance agent for an alleged failure to procure insurance is subject to a two-year statute of limitations. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); *see also KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 750 (Tex. 1999). Accordingly, Kentucky's borrowing statute dictates that if a negligence cause of action against an insurance agent accrued in Texas, Texas's shorter limitations period will control in a case filed in Kentucky. Ky. Rev. Stat. 413.320.

The Court's analysis centers upon three essential questions. First, when did 3D Resorts' alleged loss occur? Second, did the alleged loss occur in Texas? Finally, does Texas law bar 3D Resorts' claim? The Court will consider each of these issues in turn.

## I. The timing of the alleged loss

Kentucky law dictates that a cause of action is deemed to accrue where negligence and damages have both occurred. *Michels v. Sklavos*, 869 S.W.2d 728, 730 (Ky. 1994) (citing *Northwestern Nat. Ins. Co. v. Osborne*, 610 F.Supp. 126,128 (E.D. Ky. 1985). The date of accrual is that of "irrevocable non-speculative injury." *Id.* Therefore, an insured's cause of action begins to run when the insured discovers that no coverage exists for the loss. *Plaza Bottle Shop*, 712 S.W.2d at 350.

Here, 3D Resorts' cause of action against Frost accrued on the date that 3D Resorts discovered the lack of coverage. This discovery occurred on June 18, 2010, when Philadelphia denied the claim in writing, informing 3D Resorts that the general store was not scheduled under the Policy. Specifically, Philadelphia wrote that it "can not [sic] be of assistance to 3D Resorts for their sustained fire damage to their General Store"; it emphasized, "We trust your

understanding of the above stated <u>no coverage</u> position is clear." (Docket No. 80-4.) Therefore, 3D Resorts' claim against Frost accrued upon Philadelphia's denial of the claim on June 18, 2010 and initiated the running of the limitations period.

Any injury of 3D Resorts became non-speculative only upon Philadelphia's denial of the claim on June 18, 2010; that is, 3D Resorts suffered injury related to the insurer's actions only upon the adverse coverage decision. Until the ultimate decision on the claim was rendered, 3D Resorts' injury as related to Frost remained speculative. The cause of action accrued, therefore, upon the onset of the actual controversy between the agent and the insured. The general store's destruction did not independently give rise to a negligence claim. *Cf. Michels*, 869 S.W.2d at 730 (explaining that in a legal malpractice case, the determination of alleged negligence must await the final outcome of the underlying case).

## II. The location of the alleged loss

Next, the Court will consider where 3D Resorts' cause of action against Frost accrued. "The time when a cause of action arises and the place where it arises are necessarily connected, since the same act is the critical event in each instance. The final act which transforms the liability into a cause of action necessarily has both aspects of time and place. It occurs at a certain time and in a certain geographical spot." *Willits v. Peabody Coal Co.*, 188 F.3d 510, 1999 WL 701916, at *12 (6th Cir. Sept. 1, 1999).

Frost's communications with 3D Resorts, including the letter discussed *supra*, were addressed to 3D Resorts' principal office in Spring Branch, Texas. Any claim 3D Resorts may have against Frost accrued when 3D Resorts discovered that it lacked coverage for the alleged loss by means of the letter it received in Texas. Only in Texas and upon receipt of the denial, then, did 3D Resorts' alleged damages become fixed.

Although the Court does not apply the "most significant relationship test," *Combs v. Intl. Ins. Co.*, 354 F.3d 568, 589-92 (6th Cir. 2004), it notes that 3D Resorts' and Frost's communications related to this event were largely situated in Texas. For example, Gail Townsend, Frost's Vice President and the producer for the 3D Resorts account, met with 3D Resorts representatives on multiple occasions at various locations in Texas to discuss 3D Resorts' policy. (See Docket No. 80-1, Exhibit B.) Ms. Townsend did not meet with 3D Resorts representatives in Kentucky prior to the Green Farm fire. (See Docket No. 80-1 at 9.)

In sum, because Texas is the location of the accrual of the alleged loss, the Court will apply Texas law.

### III. The effect of Texas law upon 3D Resorts' claims

As discussed above, a negligence claim against an insurance agent is subject to a two-year statute of limitations under Texas law. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 2005); *KPMG Peat Marwick v* 988 S.W.2d. "A cause of action generally accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy." *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998) (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990)).

Under Texas law, the insured's cause of action for negligent procurement of insurance against an insurance agent accrues when the insurer denies a claim made under the policy. *Abe's Colony Club, Inc. v. C & W Underwriters*, 852 S.W.2d 86, 89 (considering the cause of action to have accrued when the insured discovered or should have discovered that it was entitled to seek a judicial remedy, i.e., the date of denial). Here, 3D Resorts amended its Counterclaim to file suit against Frost on April 26, 2013. This occurred almost three years after Philadelphia's initial

denial of the claim on June 18, 2010, which triggered the running of the limitations period. Therefore, application of Texas's two-year statute of limitations precludes 3D Resorts' claim against Frost as time-barred.  Accordingly, Frost's Motion for Summary Judgment will be granted.

## CONCLUSION

For the foregoing reasons, Frost's Motion for Summary Judgment (Docket No. 80) is GRANTED.  An appropriate Order will issue separately.